

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# Getty Petro v. Shipley Fuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Getty Petro v. Shipley Fuels" (2008). *2008 Decisions*. Paper 526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4071

GETTY PETROLEUM MARKETING, INC.,

Appellant

v.

SHIPLEY FUELS MARKETING, LLC;
SHIPLEY GROUP, L.P.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-00340)
District Judge:  The Honorable James Knoll Gardner

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed: September 17, 2008)

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Getty Petroleum Marketing Inc. appeals the District Court's denial of its motion for a preliminary injunction to force Shipley Fuels Marketing LLC and Shipley Group to change the brand of products, and the brand name and trademark under which the products are sold to consumers. The underlying controversy focuses upon Shipley's refusal to accept motor fuel from Getty that was branded differently from that originally contracted and its decision to rebrand its retail locations under its own name.

Getty had the burden of proving: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest. *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356 -357 (3d Cir. 2007). We do not find any abuse of discretion in the District Court's well-reasoned decision that none of the factors weigh in favor of Getty.

The District Court properly assessed that Getty was unlikely to succeed on the merits because the agreement on which Getty is suing terminated when Getty lost the right to sell Mobil fuel under the Mobil brand and trademarks. Moreover, the District Court did not err by concluding that Getty failed to substantiate its claim of irreparable harm. The District Court was well within its discretion to conclude that damages, if any,

2

could be properly measured in monetary terms based upon the lengthy history of dealings between the parties, and the availability of similarly situated retailers.

Conversely, the District Court reasonably concluded that, if successful in its defense, Shipley faced possible irreparable commercial harm from being forced to change the product and branding from that presently in place to that insisted upon by Getty, and then back again. At the least, Getty failed to substantiate that Shipley will not be harmed, or harmed only slightly. Finally, we agree with the District Court that this case does not present any public interest that would be impacted by either the grant or denial of injunctive relief.  Claims of harm to the regional petroleum market were, at best, specious.

For all of these reasons, we affirm the District Court's order denying Getty's motion for a preliminary injunction.